[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12887
Non-Argument Calendar

_____

Agency No. A037-330-764


YVETTE JOYCE WOOD,
a.k.a. Ivette Joyce Murphy,

Petitioner,


versus


U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 23, 2021)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and LUCK, Circuit
Judges.

PER CURIAM:

Yvette Wood, a native and citizen of Jamaica, petitions for review of a decision that affirmed her order of removal. The Board of Immigration Appeals agreed with an immigration judge that Wood was removable as an alien who voted in violation of federal, state, or local law. *See* 8 U.S.C. § 1227(a)(6). We deny Wood's petition.

In 1981, Wood was admitted to the United States as a lawful permanent resident based on her marriage to a U.S. citizen. In 1988, Wood was convicted in a New York court for criminal possession of marijuana for having 13 pounds of marijuana in her luggage. *See* N.Y. Law § 221.15. Wood was found inadmissible as a returning resident, 8 U.S.C. § 1182(a)(2)(A), but in 1993 she received a waiver of inadmissibility, *id.* § 1182(h).

In February 1996, Wood registered to vote in Miami-Dade County, Florida. A report of Wood's voting history recorded that she voted in a primary election on October 1, 1996, in a general election on November 5, 1996, and in a primary election on September 5, 2000. In 2013, the Department of Homeland Security charged Wood as removable as a native and citizen of Jamaica "who . . . voted in violation of any Federal, State, or local constitutional provision, statute, ordinance, or regulation" for voting in three federal elections. *Id.* § 1227(a)(6)(A).

2

Only citizens of the United States enjoy the right to vote in federal elections. U.S. Const. amend. XV, § 1; *see* Fla. Stat. § 97.041(1)(a)2. Effective September 30, 1996, aliens are forbidden from "vot[ing] in any election held solely or in part for the purpose of electing a candidate for" federal office. 18 U.S.C. § 611(a). In Florida, as of January 1, 1995, a person is required when "[m]aking application for registration as an elector [to] take an oath . . . that I am qualified to register as an elector under the Constitution and laws of the State of Florida, and that I am a citizen of the United States." Fla. Stat. § 97.051. The application for voter registration "elicit[s] the . . . [s]ignature of applicant under penalty for false swearing . . . by which the person . . . swears or affirms that the information contained in the registration application is true" and "[w]hether the applicant is a citizen of the United States." *Id.* § 98.052(2)(q), (s). The application also describes the oath, the eligibility requirements, and the penalties for falsely swearing that the person is a qualified elector and a U.S. citizen. *Id.* § 98.052(3)(a)–(c). And in Florida, "[a] person who willfully swears or affirms falsely to any oath or affirmation . . . in connection with or arising out of voting or elections," *id.* § 104.011(1), or "who willfully submits any false voter registration information commits a misdemeanor of the first degree," *id.* § 104.011(2).

During her master calendar hearing, Wood admitted that she had voted in the three elections alleged in her notice to appear, but she refused to concede

removability. Wood argued that the Department could not prove that she knowingly violated voting laws because she had "official authorization" to vote evidenced by the voter registration card she obtained in Florida. But Wood admitted that, to vote, "you do have to be a U.S. citizen." The Department responded that the law required only unlawful voting and submitted copies of Wood's voting history report and her voter registration card.

The immigration judge admitted the exhibits without objection from Wood and sustained the charge of removability. On Wood's motion, the immigration judge granted Wood a continuance to apply for readjustment of her status. While her application was pending, her case was assigned to another immigration judge.

Later, Wood moved to reconsider and to terminate her removal proceedings. Wood argued that the federal voting law did not prohibit voting by noncitizens when she registered to vote. Wood also argued that she could not have violated the federal voting law or state law because she had "official authorization" to vote. And Wood argued that she did not violate state law because it required that she knowingly and willingly vote without authorization. Wood submitted a letter stating that, in February 1996, she completed a voter registration application supplied by a group of people she approached outside a grocery store who said they were seeking assistance to support neighborhood projects and later received a voter registration card. In the letter, Wood admitted that she "voted in the primary

4

and general elections in October of 1996 and the general election of September 2000."

The immigration judge denied Wood's motion, found that "clear and convincing evidence" supported "the decision to sustain the charge" against her, and ordered her removed to Jamaica. The immigration judge determined that federal law allowed only "citizens of the United States" to vote in federal elections, that Wood had voted three times after federal law punished noncitizens for voting, and that she had "knowingly voted in a federal election" after receiving "constructive notice" in her voter registration application "that U.S. citizenship was a requirement to vote in Florida." The immigration judge ruled that Wood could not "raise the official authorization defense when she ha[d] not provided full, complete, and accurate information to the evaluating official" and declined to decide "whether she . . . violated Florida law by voting without authorization."

Wood raised five issues in her appeal to the Board, but only four issues are relevant to her petition for review. First, Wood argued that the Department failed to satisfy its burden of proof and denied her due process by failing to allege in her notice to appear what federal, state, or local voting law she had violated. Second, Wood argued that she mistakenly thought that she was eligible to vote. Third, Wood argued in passing, and for the first time, that the Department failed to establish that she did not qualify for an exception to the federal voting statute, 18

5

U.S.C. § 611(a)(1)–(3). Fourth, Wood argued that she had official authorization to vote.

The Board "adopted and affirmed" the immigration judge's decision. The Board rejected Wood's arguments concerning the failure of the Department to identify the law she violated as unsupported by precedent and as without merit because she challenged the federal voting law in her motion to reconsider. Next, the Board rejected Wood's argument that she lacked intent to violate the federal voting law, 18 U.S.C. § 611. The Board stated that an alien who votes in an election involving candidates for federal office is removable from the United States "regardless of whether the alien knew . . . she was committing an unlawful act by voting." Because the Department proved that Wood voted unlawfully as an alien, 18 U.S.C. § 611, which made her removable, 8 U.S.C. § 1227(a)(6)(A), and she did "not dispute . . . that she voted in three federal elections in the United States" or "claim that she voted inadvertently or did not understand that the acts she performed constituted voting," she violated the federal voting law. Third, the Board summarily rejected Wood's argument concerning exceptions to the federal voting law on the ground that she did "not argue that any of the exceptions to 18 U.S.C § 611 apply." Finally, the Board rejected Wood's official authorization argument as "[un]persuasive" and, in the alternative, for failure to "present[]

evidence, such as her voter registration application, to demonstrate that she accurately reflected that she was not a United States citizen."

Because the Board affirmed the decision of the immigration judge, we review both their decisions. *Lopez v. U.S. Att'y Gen.*, 914 F.3d 1292, 1297 (11th Cir. 2019). Our review of the decision is "limited" by "the highly deferential substantial evidence test," under which "we must affirm if the decision of the Immigration Judge is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1237 (11th Cir. 2006) (internal quotation marks omitted). "We apply the substantial evidence test even when, as in this case, the government is required to prove its case by clear and convincing evidence in the administrative forum." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). Under the substantial evidence test, we view the evidence in the light most favorable to the decision of the immigration judge and draw all reasonable inferences in favor of that decision. *Silva*, 448 F.3d at 1236. We can reverse "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi*, 386 F.3d at 1027.

Wood has abandoned any challenge she could have made to the rejection of her arguments that she mistakenly believed that she could vote and that she had "official authorization" to vote. A petitioner abandons an issue by failing to

7

address it in her petition for review. *Jeune v. U.S. Atty. Gen.*, 810 F.3d 792, 797 n.2 (11th Cir. 2016). Wood does not challenge, or even mention, the rulings that her arguments about mistake and about official authorization lacked merit.

Substantial evidence supports the finding that Wood is removable as an alien who voted in violation of federal, state, or local law. *See* 8 U.S.C. § 1227(a)(6). The federal voting law makes it unlawful for noncitizens to vote in federal elections. 18 U.S.C. § 611. Wood conceded during her master calendar hearing and in her letter supporting her motion for reconsideration that she was an alien who voted in two general elections and one primary election after the effective date of the federal voting law. *See Dos Santos v. United States Att'y Gen.*, 982 F.3d 1315, 1319 (11th Cir. 2020). Wood challenges the finding that she voted in federal elections, but she "invited and acquiesced in" that finding. *See Najjar v. Ashcroft*, 257 F.3d 1262, 1294 (11th Cir. 2001). Wood argued to the immigration judge and to the Board that she mistakenly thought she was eligible to and that she had "official authorization" to vote in federal elections. Wood never disputed that the three elections in which she voted involved selecting federal officials and may not contest that administrative finding in her petition for review. *See id.*

Wood faults the agency for failing to consider whether the three-part statutory exception to the federal voting law applies to her. *See* 18 U.S.C. § 611(a)(1)–(3). But "courts and agencies are not required to make findings on

8

issues the decision of which is unnecessary to the results they reach." *Immigr. & Naturalization Serv. v. Bagamasbad*, 429 U.S. 24, 25 (1976). Wood acknowledged that she voted in apparent violation of the federal voting law. So neither the immigration judge nor the Board had any need to address, and did not err in declining to address, whether the statutory exception to the federal voting law applied to Wood. *See id.*

In any event, the statutory exception would not apply to Wood. The exception applies only if "aliens are authorized to vote for such other purpose under a State constitution or statute or a local ordinance." 18 U.S.C. § 611(a)(2). Beginning in 1995, aliens were ineligible to register to vote in Florida. *See* Fla. Stat. §§ 97.041, 97.051. So Wood violated Florida law when she registered to vote in 1996 and when she voted in the primary and general elections in 1996 and in the general election in 2000.

We **DENY** Wood's petition for review.

9