[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-10203

Non-Argument Calendar

_____

BONIFACIO CRISOSTOMO-CARDONA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A098-719-039

_____

Before ROSENBAUM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Bonifacio Crisostomo-Cardona seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his motion to rescind his *in absentia* order of removal and reopen his immigration proceedings under the Immigration and Nationality Act ("INA"). On appeal, Crisostomo-Cardona, a native and citizen of Guatemala, argues that he was deprived of procedural due process because he did not receive notice of his removal hearing. He states that he did receive proper notice because: (1) he did not receive an oral warning in his native language of the contents of the notice to appear that he was personally served with and (2) his subsequently mailed notice of hearing and *in absentia* removal order was returned undelivered. He also argues that, in an application attached to his motion, he established a *prima facie* showing for protection under the Convention Against Torture ("CAT"), which the BIA and the IJ failed to consider.

## I.

We review the BIA's decision as the final judgment, except to the extent it expressly adopts the IJ's opinion or reasoning. *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019). When the BIA adopts the IJ's reasoning, we review both decisions. *Id.* Here, the BIA expressly adopted the IJ's decision and

added its own observations.  Thus, we review both decisions on appeal.  *See Perez-Zenteno*, 913 F.3d at 1306.

We review the denial of a motion to reopen an immigration proceeding for an abuse of discretion, under which we will only determine whether the BIA exercised its discretion arbitrarily or capriciously.  *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).  The BIA abuses its discretion when it misapplies the law in reaching its decision, or when it fails to follow its own precedents without providing a reasoned explanation for doing so.  *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013).  The moving party bears a heavy burden, as motions to reopen in the context of removal proceedings are particularly disfavored.  *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

We review the BIA's conclusions of law *de novo* and its factual findings under the "substantial evidence test." *Lopez v. U.S. Att'y Gen.*, 914 F.3d 1292, 1297 (11th Cir. 2019).  Under the highly deferential substantial evidence test, we must affirm the agency's factual findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotations marks omitted).  We view the evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. *Perez-Zenteno*, 913 F.3d at 1306.  Even if the record could support multiple conclusions, we "must affirm the agency's decision unless there is no reasonable basis for that decision." *Id.* (quotation marks omitted).  To reverse an

agency fact finding, we must find that the record compels reversal. *Id.*

Claims that the BIA failed to give reasoned consideration to an issue or claims of legal error are questions of law. *Jeune*, 810 F.3d at 799. In a reasoned-consideration analysis, we look to whether the BIA has considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted. *Id.* at 803. We do not require that the BIA specifically address each of the applicant's claims. *Shkambi*, 584 F.3d at 1048. Ultimately, the BIA does not give reasoned consideration to a claim when it misstates the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its decision which are unreasonable and do not respond to any arguments in the record. *Jeune*, 810 F.3d at 803.

Individuals in deportation proceedings are entitled to due process of law under the Fifth Amendment. *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010). Due process requires that an alien be given notice and an opportunity to be heard in their removal proceedings. *Id.* To establish a due process violation, a petitioner must show both a deprivation of liberty without due process and substantial prejudice. *Id.* To establish "substantial prejudice," the petitioner must show that, in the absence of the alleged violations, the outcome of the proceeding would have been different. *Id.*

The INA provides that an IJ shall conduct proceedings to determine whether an alien is removable from the United States. INA § 240(a)(1), 8 U.S.C. § 1229a(a)(1). If an alien is ordered removed *in absentia* after failing to attend his removal proceedings, generally the alien may file a motion to reopen within 180 days after the order of removal, if the alien demonstrates (1) an exceptional circumstance or (2) that he did not receive notice in accordance with paragraph (1) or (2) of section 1229(a). INA § 240(b)(5)(C)(i)-(ii), 8 U.S.C. § 1229a(b)(5)(C)(i)-(ii). Under § 1229(a)(1) the alien must be served in person or by mail with a NTA specifying, among other things, the requirement that the alien provide address and telephone contact information, the consequences of failing to appear for the alien's removal hearing, and the time and place where the proceedings will be held. INA § 239(a)(1), 8 U.S.C. § 1229(a)(1); *see also* 8 CFR § 1003.18(b). Neither § 1229(a)(1) nor the regulations require oral notice of this information in the alien's native language. INA § 239(a)(1), 8 U.S.C. § 1229(a)(1); 8 CFR § 1003.18(b). Under § 1229(a)(2), the alien must also receive notice of a change in the time or place of the proceedings. INA § 239(a)(2), 8 U.S.C. § 1229(a)(2); *see also* 8 CFR § 1003.18(b).

Whether an alien received sufficient notice of his removal hearing is an issue of fact. *Contreras-Rodriguez v. U.S. Att'y Gen.*, 462 F.3d 1314, 1317 (11th Cir. 2006). Where the motion to reopen is based on lack of notice, our review is limited to the validity of the notice provided to the alien, the reasons for the alien not

attending the proceeding, and the alien's removability.  *Id*.; INA § 240(b)(5)(D), 8 U.S.C. § 1229a(b)(5)(D).

In this case, the BIA did not abuse its discretion by denying Crisostomo-Cardona's motion to rescind his *in absentia* removal order and reopen his immigration proceedings.  Because Crisostomo-Cardona did not deny or present any evidence disputing that he had been personally served with a NTA, and the NTA conformed with the statutory requirements, he has not shown a lack of notice or due process error, and the record does not compel reversal.  Accordingly, we deny Crisostomo-Cardona's petition in this respect.

## II.

We review *de novo* our own jurisdiction. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016).  We must inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking. *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005).  We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies.  *See* INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *see also Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006) (holding that issue was unexhausted, even after the BIA's *sua sponte* exhaustion of this issue, where petitioner failed to challenge the determination in both his notice of appeal and brief before the BIA).

Unadorned conclusory statements and passing references to an issue do not satisfy the exhaustion requirements. *Jeune*, 810 F.3d at 800. To properly raise a claim before the BIA, the petitioner must raise it in a manner that permits the BIA a "full opportunity" to consider it and compile a record adequate for judicial review. *Amaya-Artunduaga*, 463 F.3d at 1250. The petitioner must raise both the core issue and set out any discrete arguments he relies on in support of that claim before the BIA. *Id.*; *see, e.g.*, *Shkambi v. U.S. Att'y Gen.*, 584 F.3d 1041, 1048 n.4 (11th Cir. 2009) (dismissing as unexhausted petitioner's specific argument that the IJ had engaged in speculation when discrediting his testimony, where the petitioner had contested only the broader adverse-credibility finding before the BIA).

Here, as to Crisostomo-Cardona's claim that the IJ erred by failing to consider his CAT claim in analyzing whether to reopen his immigration proceedings, because he failed to raise this claim before the BIA, it is unexhausted, and, thus, we lack jurisdiction to consider it. Additionally, as to his claim that the BIA erred in this same respect, because the BIA adopted the IJ's decision, which stated that it had it had carefully reviewed the entire record; announced a decision in terms sufficient to enable our Court to perceive it had heard the issues raised before it; and was not required to address each of Crisostomo-Cardona's claims specifically, it did not err by failing to separately consider whether Crisostomo-Cardona had established a *prima facie* CAT claim. Accordingly, we dismiss Crisostomo-Cardona's petition in part as to his claim that

8                     Opinion of the Court                    21-10203

the IJ failed to consider whether he had established a *prima facie* CAT claim, and we deny his petition in part as to his claim that the BIA failed to consider whether he had established a *prima facie* CAT claim.

**PETITION DENIED IN PART, DISMISSED IN PART.**