[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11045

Non-Argument Calendar

_____

ANGELINA MARCOS-PABLO,
DOMINGA JULIAN-MARCOS,
JOVANI JULIAN-MARCOS,

                                                          Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

                                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A209-116-972

_____

Before WILLIAM PRYOR, Chief Judge, NEWSOM and BRASHER, Circuit Judges.

PER CURIAM:

Angelina Marcos-Pablo, a native and citizen of Guatemala, and her two children, as her derivative beneficiaries, petition for review of the order affirming the denial of her applications for asylum and withholding of removal under the Immigration and Nationality Act and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. 8 U.S.C. §§ 1158, 1231. The Board of Immigration Appeals agreed with the immigration judge that Marcos-Pablo was ineligible for asylum and withholding of removal because she failed to prove that her daughter was kidnapped on account of her membership in a particular social group or her political opinion. The Board also agreed that Marcos-Pablo was not tortured and was unlikely to be tortured if she returned to Guatemala. We deny the petition.

When the Board affirms the immigration judge's decision, we review both their decisions. *Lopez v. U.S. Att'y Gen.*, 914 F.3d 1292, 1297 (11th Cir. 2019). Our review is "limited" by "the highly deferential substantial evidence test," under which we must affirm the decision so long as it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1237 (11th Cir. 2006) (internal quotation marks omitted). Under that test, we view the evidence in the light most favorable to the decision of the immigration judge and draw all reasonable inferences in favor of that decision. *Id.* at 1236. We can reverse "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

To qualify for asylum and withholding of removal, Marcos-Pablo had to prove that she was persecuted or is likely to face future persecution in Guatemala "on account of . . . [her] membership in a particular social group, or [her] political opinion." 8 U.S.C. § 1101(a)(42)(A). Both forms of immigration relief "contain a causal element known as the nexus requirement," under which an applicant must prove "that a protected ground 'was or will be at least one central reason for'" her persecution. *Sanchez-Castro v. U.S. Att'y Gen.*, 998 F.3d 1281, 1286 (11th Cir. 2021) (quoting 8 U.S.C. § 1158(b)(1)). "A reason is central if it is 'essential' to the motivation of the persecutor." *Id.* It is not enough for a protected ground to be "incidental, tangential, superficial, or subordinate to another

reason for [the] harm." *Id.* (quoting *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009)).

Substantial evidence supports the finding that the kidnapping was not on account of Marcos-Pablo's membership in a particular social group. Marcos-Pablo, her brother, and her psychologist attributed her daughter's kidnapping to "criminals" who sought money, and "[e]vidence . . . that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground," *Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1310 (11th Cir. 2013) (alteration adopted) (quoting *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006)). Marcos-Pablo testified that the kidnappers telephoned within hours of snatching the child, demanded a ransom of 60,000 quetzals, settled for 40,000 quetzals, released her daughter at noon the next day, and never contacted her again. Marcos-Pablo's experience mirrored incidents described in the country reports of kidnappings for ransom, violence against women and children, and criminal extortion by corrupt police and criminal gangs in Guatemala. Marcos-Pablo attributed the kidnapping to the captors' knowledge that her spouse provided her financial support by working in the United States, and she assumed the kidnappers knew of her periodic visits to the bank to withdraw cash. Marcos-Pablo's membership in a family or social group was not "a central reason" for the kidnapping, as evidenced by the kidnappers' decision to end the extortion as soon as she paid most of the ransom they demanded. *See* 8 U.S.C. § 1158(b)(1). Because it was wealth that made

21-11045                Opinion of the Court                5

Marcos-Pablo a "target[ ] for extortionate demands, that motivation [did] not constitute extortion because of [her] family relationship[]." *See Sanchez-Castro*, 998 F.3d at 1287.

Marcos-Pablo offered no evidence that the kidnapping was "on account of . . . [her] political opinion." 8 U.S.C. § 1101(a)(42)(A). She expressly disclaimed involvement in any political organization in Guatemala. Marcos-Pablo did not speak with the kidnappers until after they abducted her daughter. And if Marcos-Pablo opposed extortion, she never disclosed her political opinion to her daughter's kidnappers. During the single telephone conversation Marcos-Pablo had with the kidnappers, she asked them to reduce the ransom due to her inability to pay.

Marcos-Pablo is ineligible for asylum or withholding of removal. She failed to prove that her membership in a particular social group or her political opinion was a central reason for her daughter's kidnapping. *See Sanchez-Castro*, 998 F.3d at 1286. And because Marcos-Pablo cannot satisfy the nexus requirement for asylum, she necessarily cannot satisfy the nexus requirement to qualify for withholding of removal. *See id.*

Substantial evidence also supports the finding that Marcos-Pablo was not tortured and is unlikely to be tortured if she returns to Guatemala. The angst Marcos-Pablo endured while separated from her daughter did not rise to the level of torture because she was never in a kidnapper's "custody or physical control." *See* 8 C.F.R. § 1208.18(a)(6). Marcos-Pablo also did not establish that she was likely to be tortured if she returns home. Marcos-Pablo

promptly settled with her daughter's kidnappers, recovered the child unharmed, and stayed in her home for more than a month after the abduction without incident. Although Marcos-Pablo may subjectively fear returning to Guatemala, that fear is not objectively reasonable given the ability of her mother and two sisters to remain in their homeland unharmed.

We **DENY** the petition for review.