[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12269

Non-Argument Calendar

_____

MD TAFSIR HOSSAIN,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A203-653-601

_____

Before WILLIAM PRYOR, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Md. Tafsir Hossain, a native and citizen of Bangladesh, petitions for review of an order affirming the denial of his applications for asylum and withholding of removal under the Immigration and Nationality Act and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. 8 U.S.C. §§ 1158(b), 1231(b)(3). The Board of Immigration Appeals agreed with the immigration judge that Hossain was not credible. We deny Hossain's petition.

Because the Board affirmed the decision of the immigration judge, we review both their decisions. *Lopez v. U.S. Att'y Gen.*, 914 F.3d 1292, 1297 (11th Cir. 2019). Our review of the decision is "limited" by "the highly deferential substantial evidence test," under which "we must affirm if the decision of the Immigration Judge is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1237 (11th Cir. 2006) (internal quotation marks omitted). Under the substantial evidence test, we view the evidence in the light most favorable to the decision of the immigration judge and draw all reasonable inferences in favor of that decision. *Silva*, 448 F.3d at 1236. We can reverse "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is

not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

An "applicant must establish eligibility for asylum by offering credible, direct, and specific evidence in the record." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (internal quotation marks omitted). A credibility determination may be based on the totality of the circumstances, including the applicant's demeanor, candor, and responsiveness, the plausibility of his account, the consistency between his written and oral statements, the internal consistency of each statement, and the consistency of his statements with other evidence in the record. 8 U.S.C. § 1158(b)(1)(B)(iii). The credibility determination can be made "without regard to whether [the] inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* The Board and immigration judge need not credit an explanation, even if it is plausible, for an omission or inconsistency. *See Shkambi v. U.S. Att'y Gen.*, 584 F.3d 1041, 1051 (11th Cir. 2009).

Substantial evidence supports the finding that Hossain was not credible, and the Board identified specific and cogent reasons to support that finding. *See Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230–31 (11th Cir. 2006). Hossain based his claim of persecution on his participation in the Liberal Democratic Party and incidents involving the opposition ruling party, the Awami League, in his credible-fear interview, written application, and his testimony at his removal hearing. But when first interviewed by a border patrol

agent after attempting to enter the United States illegally, Hossain said he was "being discriminated by my government and other religious group because of his preference in religion." Hossain also testified that members of the Awami League broke his right forearm while pointing below his elbow, yet his medical records and statements he made during his credible-fear interview and given by his parents and two affiants identified Hossain's injury as a broken hand. In addition, Hossain's "injury certificate" and "patient release letter" were of dubious origin, authenticated by an "advocate and public notary," and, according to Hossain, were written by his doctors in English and translated into Bengali by his pharmacist. In the absence of any corroborative evidence, Hossain's opinion that "in Bengali language, the terms for arm and hand are sometimes used interchangeably or the term hand is used more broadly to also cover the forearm" does not compel a conclusion that he is credible. *See id.* at 1233. And Hossain's failure to establish he is eligible for asylum necessarily defeats his argument that he is eligible for relief under the Convention. *See Forgue*, 401 F.3d at 1288 n.4.

We **DENY** Hossain's petition for review.