[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-10661

Non-Argument Calendar

_____

MILARGO L. MOLINA-SIGUENZA,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A206-710-380

_____

Before WILLIAM PRYOR, Chief Judge, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Milargo Molina-Siguenza, a native and citizen of El Salvador, petitions for review of the denial of her applications for asylum and withholding of removal and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. 8 U.S.C. §§ 1158(b), 1231(b)(3). The Board of Immigration Appeals agreed with the immigration judge that Molina-Siguenza was ineligible for asylum and withholding of removal because she failed to prove past persecution or a well-founded fear of future persecution. The Board also agreed that Molina-Siguenza failed to prove that the El Salvadoran government was unable or unwilling to protect her from private actors or that she was likely to be tortured if she returned to El Salvador. We deny the petition.

When the Board affirms the immigration judge's decision, we review both decisions. *Lopez v. U.S. Att'y Gen.*, 914 F.3d 1292, 1297 (11th Cir. 2019). Our review is "limited" by "the highly deferential substantial evidence test," under which we must affirm the decision so long as it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1237 (11th Cir. 2006). Under that test, we view the evidence in the light most favorable to the decision of the immigration judge and draw all reasonable inferences

in favor of that decision. *Id.* at 1236. We can reverse "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

To establish eligibility for asylum, Molina-Siguenza bore the burden of proving that she is a refugee under the Act. *See* 8 U.S.C. § 1158(b)(1)(B); *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005). The Act defines "refugee" as a person "who is unable or unwilling to return to, and is unable or unwilling to avail [] herself of the protection of, [her country of nationality] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The record supports the finding that Molina-Siguenza failed to satisfy her burden.

Substantial evidence supports the finding that Molina-Siguenza did not suffer past persecution. Molina-Siguenza testified that in 2012 her sister Elisa received a text message from an individual, later believed to be a cousin, threatening to sexually abuse them and two other sisters. Molina-Siguenza testified that in 2014 a neighborhood gang member called "Salvador" followed her and threatened to sexually abuse the sisters, but he never touched them. And in two other instances, an unknown man grabbed her chest, but she ran home. These isolated and brief incidents considered cumulatively do not amount to persecution. Persecution "is an extreme concept that does not include every sort of treatment

our society regards as offensive." *Murugan v. U.S. Att'y Gen.*, 10 F.4th 1185, 1192 (11th Cir. 2021). Even verbal threats and minor physical abuse do not compel a finding that an alien has suffered persecution. *See Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1174 (11th Cir. 2008); *Sepulveda*, 401 F.3d at 1231 (holding threats and menacing phone calls did not amount to persecution).

Substantial evidence also supports the finding that Molina-Siguenza lacks a well-founded fear of future persecution. Without evidence of past persecution, Molina-Siguenza is not entitled to a presumption of future persecution. *See Murugan*, 10 F.4th at 1193. And the record does not compel a finding that Molina-Siguenza would be singled out for persecution. *See id.* Molina-Siguenza identified only a handful of incidents of sexual harassment and threats by a cousin and neighborhood gang member and groping by two unknown men. And although she testified about the large gang presence in her neighborhood, she also testified that she was unaware of any instances of gang violence against women there. Molina-Siguenza's evidence of being subjected to sexual harassment and of an unsympathetic police force is insufficient to compel a reversal of the finding that she failed to prove a well-founded fear of persecution. *Sepulveda*, 401 F.3d at 1231-32. And because Molina-Siguenza "failed to establish a claim of asylum on the merits, [she] necessarily fails to establish eligibility for withholding of removal or protection under CAT." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

We **DENY** Molina-Siguenza's petition for review.