[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11618

Non-Argument Calendar

_____

MARIO ALBER CRUZ-APARICIO,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A200-264-803

_____

Before JILL PRYOR, BRANCH, AND LAGOA, Circuit Judges.

PER CURIAM:

Mario Cruz-Aparicio petitions for review of the order of the Board of Immigrations Appeals ("BIA") affirming the Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Cruz-Aparicio raises separate challenges to the denial of each of his three claims, and we consider each in turn.

## I.

We review the decision of the BIA, and we review the IJ's decision as well to the extent the BIA expressly adopted it. *Mohammed v. U.S. Att'y Gen.*, 547 F.3d 1340, 1344 (11th Cir. 2008). We review legal questions, including our own jurisdiction, *de novo*. *Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1321 (11th Cir. 2021).

An asylum application must be filed within one year of a non-citizen's entry into the United States, but the agency may consider an untimely application if the non-citizen is able to show "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." Immigration and Nationality Act ("INA") § 208(a)(2)(B), (D), 8 U.S.C. § 1158(a)(2)(B), (D). However, "[n]o court shall have jurisdiction to review any determination of the Attorney General" as to the timeliness of the application or the existence of changed or

23-11618               Opinion of the Court                        3

extraordinary circumstances.  INA § 208(a)(3), 8 U.S.C. § 1158(a)(3).
"[Section 1158(a)(3)] divests us of jurisdiction to review decisions
of whether an alien complied with the one-year time limit, or
whether extraordinary circumstances were present to justify un-
timely filing of the asylum application."  *Ruiz v. Gonzales*, 479 F.3d
762, 765 (11th Cir. 2007).  We have held that, when the BIA reaches
a decision based on two independent grounds and we are barred
from reviewing one of those grounds on a jurisdictional basis, we
also lack jurisdiction to review the other ground based on the advi-
sory opinion doctrine.  *Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1290-91
(11th Cir. 2014), *abrogated in part on other grounds by Santos-Zacaria
v. Garland*, 598 U.S. 411 (2023).

We do not have jurisdiction to review Cruz-Aparicio's chal-
lenge to the denial of his asylum application as untimely.
Cruz-Aparicio does not challenge the BIA's alternative denial of his
asylum application on the merits, but, even if he did, we would be
jurisdictionally barred from reviewing it because we lack jurisdic-
tion to review the timeliness finding.

## II.

"Whether an asserted group qualifies as a 'particular social
group' under the INA is a question of law."  *Gonzalez v. U.S. Att'y
Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).  "When an appellant fails
to offer argument on an issue, that issue is abandoned."  *Sepulveda
v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).  This in-
cludes when an appellant only makes a passing reference to an is-
sue.  *Id.*

A non-citizen is entitled to withholding of removal under the INA if he can show that his "life or freedom would be threatened in [the] country [of removal] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). "[T]o satisfy the 'on account of a statutorily protected ground' requirement, the applicant must prove that the protected ground 'was or will be at least one central reason for persecuting the applicant.'" *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1307 (11th Cir. 2019) (quoting INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i)).

The phrase "particular social group" is not defined in the INA, but we have deferred to the BIA's formulation of the criteria for when a group qualifies. *Id.* A particular social group needs to possess a shared characteristic, which "'must be one that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences.'" *Id.* at 1309 (quoting *In re Acosta*, 19 I. & N. 211, 233 (BIA 1985)). "[A] particular social group also must be 'defined with particularity' and be 'socially distinct within the society in question.'" *Id.* (quoting *In re M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). "Regarding particularity, the BIA has said that '[t]he [proposed] group must . . . be discrete and have definable boundaries -- it must not be amorphous, overbroad, diffuse, or subjective.'" *Id.* (alterations and omission in original) (quoting *In re W-G-R-*, 26 I. & N. Dec. 208, 214 (BIA 2014)). Further, a group "cannot be circularly defined by the persecution of its members"; instead, the group members "must share a narrowing characteristic other than their

risk of being persecuted." *Alvarado v. U.S. Att'y Gen.*, 984 F.3d 982, 989 (11th Cir. 2020) (alterations adopted) (quoting *Amezcua-Preciado v. U.S. Att'y Gen.*, 943 F.3d 1337, 1343 (11th Cir. 2019)). The group must exist independently of the risk of persecution to avoid particular-social-group persecution becoming "catch all" for any persecution that does not fit within the other protected grounds. *Id.*

Cruz-Aparicio asserted that he would be persecuted on account of membership in two particular social groups, one based on his family and the other based on being a returnee to Mexico after more than a decade living in the United States. We conclude that he has abandoned any challenge to the finding that he has failed to establish a nexus between his alleged persecution and his family-based social group, which is dispositive of that portion of his claim for withholding of removal. As to the rest, the BIA correctly concluded that his returnee-based social group was not cognizable under the INA.

### III.

We review administrative findings of fact for substantial evidence. *Farah*, 12 F.4th at 1321. Under the substantial evidence test, "we will not disturb an immigration judge's factual findings so long as they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021) (quoting *Lopez v. U.S. Att'y Gen.*, 914 F.3d 1292, 1297 (11th Cir. 2019)). "'[W]e review the record evidence in the light most favorable to the agency's decision and

draw all reasonable inferences in favor of that decision.'" *Hasan-Nayem v. U.S. Att'y Gen.*, 55 F.4th 831, 842 (11th Cir. 2022) (quoting *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005)). "[W]e reverse factual findings 'only if the record compels reversal, and the mere fact that the record may support a contrary conclusion is insufficient to justify reversal.'" *Id.* (quoting *Jathursan*, 17 F.4th at 1372).

To satisfy the standard for CAT relief, an applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). "The evidence must demonstrate that the applicant will be *specifically* and *individually* targeted for torture." *K.Y. v. U.S. Att'y Gen.*, 43 F.4th 1175, 1181 (11th Cir. 2022) (emphasis in original).

Further, the torture must be "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 208.18(a)(1). "Acquiescence 'requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity.'" *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004) (quoting 8 C.F.R. § 208.18(a)(7)). A government does not acquiesce to persecution simply because it failed to catch the perpetrators of persecution. *Id.* at 1243. It does not acquiesce to torture so long as it combats it in some way, even if it is unsuccessful in its attempts. *Id.*

23-11618                Opinion of the Court                7

Here, substantial evidence supports the BIA's and Immigration Judge's denial of Cruz-Aparicio's application for CAT relief because the record does not compel the finding that it is more likely than not that he will be tortured with the consent or acquiescence of the Mexican government if he is removed to Mexico.

**PETITION DISMISSED IN PART, DENIED IN PART.**