[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-13848

————————————————

Agency No. A055-816-798

BEVERLI GARCIA-SIMISTERRA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

————————————————

(December 30, 2020)

Before WILLIAM PRYOR, Chief Judge, HULL and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

In this immigration proceeding, Beverli Garcia-Simisterra challenges a

decision by the Board of Immigration Appeals ("BIA") affirming an Immigration

Judge's ("IJ") order of removal because the petitioner had been convicted of an aggravated felony in Broward County, Florida. The IJ and the BIA found that Garcia-Simisterra's Florida convictions for money laundering and workers' compensation fraud were aggravated felonies because each conviction involved fraud or deceit in which the amount of loss to the victim exceeded $10,000. 8 U.S.C. § 1101(a)(43)(M)(i). Garcia-Simisterra claims that the record does not support the requisite amount of loss because the statutes of conviction only required some amount of loss less than $20,000. But since the record, including the petitioner's admission of guilt and a concomitant plea agreement, fully supports the agency's finding, we dismiss this petition for review.

## I.

The essential facts are these. Garcia-Simisterra is a citizen of El Salvador and has been a lawful permanent resident of the United States since 2007. In 2014, he and a co-defendant (Adalid Ramos-Rodriguez) were charged by criminal information with one count of money laundering, in violation of Fla. Stat. §§ 896.101(3)(a), (5)(c), and 777.011, and one count of workers' compensation fraud, in violation of Fla. Stat. §§ 440.105(4)(b)(5), (4)(f)(3)[1], and 777.011. The two men were charged with the first-degree version of each count, indicating that the counts

---

[1] The information filed by the State Attorney in Broward County appears to contain a scrivener's error -- it cites § "440.1085(4)(f)3," but no such subsection exists in the Florida code.

involved a monetary loss valued at $100,000 or more. See Fla. Stat. §§

440.105(4)(f)(3), 896.101(5)(c). The workers' compensation fraud count (Count

2) alleged that Garcia-Simisterra and his co-defendant "misrepresent[ed] or

conceal[ed] payroll, classification of workers, or information" concerning Garcia-

Simisterra's company's loss history to his insurance company "for the purpose of

avoiding or diminishing the amount of payment of any worker's compensation

premiums, and the monetary value of the violation is $100,000.00 or more."

Garcia-Simisterra agreed to plead guilty to "Counts I and II charged in the

Information" and to a separately charged count of operating an unauthorized

money-service business, Fla. Stat. § 560.125(5)(a). In exchange for his pleas, the

State agreed to reduce the money-service business charge from a first-degree

felony to a third-degree felony. Garcia-Simisterra ultimately entered a plea of nolo

contendere to the money-laundering and workers-compensation fraud counts. In

exchange for his pleas, the State reduced the charges to third-degree felonies,

which involve a monetary loss of less than $20,000. Fla. Stat. §§ 896.101(5)(a),

440.105(4)(f)(1). Garcia-Simisterra agreed, as documented in his plea agreement,

to be sentenced to a "withhold of adjudication" and three years of probation, along

with a "special condition of disgorgement of criminal proceeds" in the amount of

$104,662. The plea agreement explained, and Garcia-Simisterra admitted, that the

disgorgement sum was "seized in connection with the State's investigation in the

underlying SUBJECT MATTER and is currently in the custody of the Broward

Sherriff's Office and/or The Worker's Compensation Fraud Task Force pending

forfeiture." The agreement also provided that its execution "operate[d] as a

relinquishment on ownership of those funds and a withdrawal of any civil claim for

return of funds." Garcia-Simisterra also was required to enter into a settlement

agreement with the Broward County Sheriff's Office and/or the Worker's

Compensation Task Force for the forfeiture of the disgorgement amount.

On October 13, 2014, the Department of Homeland Security ("DHS")

initiated removal proceedings against Garcia-Simisterra, filing a Notice to Appear

before the immigration court in Miami, Florida. DHS alleged that he was

removable pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality

Act ("INA") because he was convicted of an offense that involves fraud or deceit

in which the loss to the victim or victims "exceeds $10,000"; that is an aggravated

felony under the INA. 8 U.S.C. § 1101(a)(43)(M)(i).[2]

In Florida, a trial judge "may withhold an adjudication of guilt if the judge

places the defendant on probation." Fla. R. Crim. P. 3.670. This does not mean

that Garcia-Simisterra was not "convicted" for immigration purposes, however,

because the INA defines a "conviction" to include a withhold of adjudication

---

[2] DHS also alleged that he was removable for a domestic violence conviction, pursuant to INA § 237(a)(2)(E)(i). However, the IJ ruled against DHS on this point because the evidence was insufficient; this matter has not been raised on appeal.

where the alien has entered a plea of guilty or nolo contendere and "the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed."  8 U.S.C. § 1101(a)(48)(A).

Garcia-Simisterra disputed the aggravated felony charge.  On January 5, 2015, the IJ conducted a full evidentiary hearing, at which Garcia-Simisterra's criminal defense attorney and a detective testified about Garcia-Simisterra's convictions and the amount of loss resulting from his fraudulent scheme.  The IJ sustained the aggravated felony charge of removability, finding that Garcia-Simisterra's convictions for money laundering and workers' compensation fraud were aggravated felonies as defined in 8 U.S.C. § 1101(a)(43)(M)(i).  The IJ observed that Garcia-Simisterra's plea agreement included the special condition that he disgorge criminal proceeds in the amount of $104,662.  The IJ found that the "information contained in the plea agreement, as well as in the testimonial evidence," fully supported a conviction for a fraud offense where the amount of loss to the victim exceeded $10,000.

The Board of Immigration Appeals dismissed Garcia-Simisterra's appeal, sustaining the IJ's finding that the amount of loss in the case exceeded $10,000.  The BIA determined that the government had met its burden of establishing the petitioner's removability by clear and convincing evidence.  As for Garcia-Simisterra's claim that he was only convicted of crimes involving less than

5

$20,000, the BIA determined that under controlling law, in a removal proceeding arising under this section of the INA, it calculates the amount of a victim's loss using a "circumstance-specific" inquiry, not a "categorical" one.  The BIA concluded that Garcia-Simisterra's plea agreement was tied to Count 2 of the criminal information, which averred that the amount of the monetary value in his workers' compensation fraud offense was "$100,000 or more."

Garcia-Simisterra timely petitioned this Court for review of the BIA's decision.

## II.

## A.

We review only the decision of the BIA, except to the extent that it adopts the IJ's decision or expressly agrees with the IJ's reasoning.  Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009) (quoting Mohammed v. U.S. Att'y Gen., 547 F.3d 1340, 1344 (11th Cir. 2008)).  Although we review de novo whether a prior conviction qualifies as an aggravated felony, Accardo v. U.S. Att'y Gen., 634 F.3d 1333, 1335 (11th Cir. 2011), we "review[] administrative fact findings under the highly deferential substantial evidence test."  Adefemi v. Ashcroft, 386 F.3d 1022, 1026–27 (11th Cir. 2004).  Under this test, "we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision."  Id. at 1027.  Moreover, the

agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see Adefemi, 386 F.3d at 1027 (holding that we may only reverse factual findings made by the BIA "when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings"). Accordingly, we apply an exceedingly deferential standard of review to the agency's fact-finding about the amount of loss.

## B.

Garcia-Simisterra argues here, as he did before the BIA, that the evidence was insufficient to establish that he committed a fraud with a loss amount exceeding $10,000. Under the INA, "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The INA defines an "aggravated felony" to include an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). The government bears the burden of establishing an aggravated felony by clear and convincing evidence. 8 U.S.C. § 1229a(c)(3)(A); 8 C.F.R. § 1240.8(a).

In Nijhawan v. Holder, the Supreme Court unanimously concluded that the $10,000 loss component found in § 1101(a)(43)(M)(i) is not an element of the fraud crime; "[r]ather, the monetary threshold applies to the specific circumstances

7

surrounding an offender's commission of a fraud and deceit crime on a specific occasion." 557 U.S. 29, 32, 40 (2009). Accordingly, we are required to conduct a circumstance-specific inquiry, not a categorical one, in order to determine whether the amount of loss exceeds $10,000. Id. at 34, 36, 38–40. In order to make this determination, we may consider the entire record from a person's conviction. Id. at 41–43.

Applying the circumstance-specific approach to this case, we have little difficulty concluding that the BIA's determination of the loss amount is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001), overruled on other grounds by Patel v. U.S. Att'y Gen., 971 F.3d 1258 (11th Cir. 2020). As this record reflects, Garcia-Simisterra agreed to plead guilty and ultimately pleaded nolo contendere to both counts contained in the criminal information. The information charged Garcia-Simisterra with workers' compensation fraud with a monetary value of "$100,000.00 or more." See Fla. Stat. § 440.105(4)(f)(3); In re Babaisakov, 24 I. & N. Dec. 306, 320 (BIA 2007) (noting that a defendant's plea to a criminal count alleging a fraudulent transaction in excess of $10,000 will most likely suffice to meet a clear and convincing showing, "unless the convicting jurisdiction treats the plea as only an admission of the bare elements of the crime"); Carroso v. State, 129 So. 3d 374, 380 (Fla. Dist. Ct. App. 2013)

8

(explaining that "monetary value" for workers-compensation fraud means "monetary loss or potential loss sustained by the employer or the carrier that has some relationship to the [fraudulent] representation."). The information's recitation of the crimes -- specifying a loss amount of at least $100,000 -- fully supports the agency's fact-finding as to amount of loss, and, ultimately the conclusion that Garcia-Simisterra's crimes qualify as aggravated felonies.

Garcia-Simisterra emphasizes, however, that he did not plead guilty to the charges as detailed in the information. Instead, in exchange for Garcia-Simisterra's plea, the State agreed to reduce the degrees in the counts from first-degree felonies to third-degree felonies, thereby only requiring a loss under $20,000. Garcia-Simisterra would have us look only to the statutes for which he was convicted. But the problem with this argument is, "Nijhawan does not stand for the proposition that, when the count of conviction contains a loss amount, immigration officials must look no further." Ku v. U.S. Att'y Gen., 912 F.3d 133, 140 (3d Cir. 2019). Rather, we "look to the facts and circumstances underlying an offender's conviction." Nijhawan, 557 U.S. at 34.

The essential facts and circumstances underlying the petitioner's convictions are laid out in the criminal information and the plea agreement. And as we have already noted, the information provided that Garcia-Simisterra was charged with a loss amount of at least $100,000. The plea agreement explicitly provided that he

9

would plead guilty to those counts.  Garcia-Simisterra eventually pleaded nolo contendere to the counts, and the State eventually reduced the charges to third-degree felonies, but the important fact for Nijhawan is that Garcia-Simisterra's agreement to plead guilty to the first-degree versions of the crimes is powerful evidence that the crimes involved a loss of much more than $10,000.  See id. at 42–43 (relying on petitioner's admission during a sentencing hearing); Varughese v. Holder, 629 F.3d 272, 275 (2d Cir. 2010) (relying on petitioner's admission during a plea colloquy and a sentencing hearing).  The record taken as a whole establishes a loss greater than $10,000, and nothing we can discern compels a different result.  See 8 U.S.C. § 1252(b)(4)(B); Adefemi, 386 F.3d at 1027; see also Ku, 912 F.3d at 139–40 (finding that the information, judgment, and restitution order, taken together, provided clear and convincing evidence that the loss amount exceeded $10,000).  So substantial evidence supported the BIA's conclusion, and we lack jurisdiction over Garcia-Simisterra's petition.  8 U.S.C. § 1252(a)(2)(C); Lopez v. U.S. Att'y Gen., 914 F.3d 1292, 1298 (11th Cir. 2019).

Because we resolve the petition on this ground, we need not address Garcia-Simisterra's arguments about whether the BIA relied on the disgorgement sum as evidence of loss or whether that reliance was permissible.  And because documentary evidence amply supports the BIA's finding, we similarly do not need

to address the significance of the testimonial evidence about the disgorgement sum.

**PETITION DISMISSED.**