[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11597

Non-Argument Calendar

_____

ARMAND JOSEPH,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A090-597-547

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

The Board of Immigration Appeals, affirming the decision of an immigration judge, ruled that Armand Joseph was removable from the United States because he committed an "aggravated felony," *see* 8 U.S.C. § 1227(a)(2)(A)(iii), namely, a conspiracy offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000," *id.* § 1101(a)(43)(M)(i), (U). Joseph petitions this Court for review. We dismiss the petition.

The records shows that Joseph, a native and citizen of Jamaica, entered the United States in the 1970s and became a lawful permanent resident in 1990. In May 2017, he pled guilty to participating in a conspiracy to defraud the government by cashing fraudulently obtained income-tax refund checks, in violation of 18 U.S.C. § 371. According to undisputed facts in his presentence investigation report ("PSR"), Joseph stipulated in a written plea agreement that, while working as a teller at a check-cashing business, he cashed 34 federal income-tax refund checks—in the total amount of $247,344—for an individual who fraudulently obtained the checks. He received approximately $100 per check as a kickback. As a result of Joseph's participation, the government sustained a loss of $247,344. The district court sentenced him to serve 24 months in prison and to pay $247,344 in restitution to the Internal Revenue Service.

The Department of Homeland Security subsequently charged Joseph with removability under § 1227(a)(2)(A)(iii), alleging that his conviction was for an "aggravated felony." Based on the indictment, the criminal judgment and restitution order, and undisputed facts in the PSR, the IJ determined that Joseph's conviction qualified as an aggravated felony because it involved fraud or deceit and the loss to the victim exceeded $10,000. *See* 8 U.S.C. § 1101(a)(43)(M)(i).

Joseph appealed to the BIA, which affirmed the IJ. According to the BIA, the record supported the IJ's finding that the loss amount exceeded $10,000. Reviewing the "entire record of conviction," the BIA noted that Joseph stipulated in his plea agreement that the 34 checks he cashed were worth approximately $247,344. It also cited the PSR's undisputed statement that, "[a]s a result of Joseph's participation in the scheme, the United States was defrauded of $247,344.21." Finally, the BIA found in the alternative that Joseph's conviction qualified because the contemplated loss of the conspiracy was well over $10,000, even if the actual loss was not.

Joseph now petitions this Court for review. He contends that the restitution order is not sufficient to prove the loss amount because it "encompasses the losses from criminal activity other than the conviction offense." He asserts that the conspiracy count to which he pled guilty "did not calculate or reference a specific loss amount to any victim(s)," and so, in his view, the loss amount was

not "tied to the specific counts covered by the conviction" as required.

"[W]e apply an exceedingly deferential standard of review to the agency's fact-finding about the amount of loss" for purposes of determining whether a prior conviction qualifies as an aggravated felony. *Garcia-Simisterra v. U.S. Att'y Gen.*, 984 F.3d 977, 980–81 (11th Cir. 2020). We will uphold the agency's determination of the loss amount if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 981 (quotation marks omitted). If substantial evidence supports the agency's conclusion, we must dismiss the petition for review. *Id.* at 982.

In determining whether the loss amount for a prior fraud or deceit conviction exceeded $10,000, the agency may consider "the specific circumstances surrounding an offender's commission of a fraud and deceit crime on a specific occasion." *Nijhawan v. Holder*, 557 U.S. 29, 40 (2009) (holding that the categorical approach does not apply to § 1101(a)(43)(M)(i)). It is not limited to the indictment or the statutory definition or the "generic" form of the offense. *Id.* Nevertheless, the loss amount "must be tied to the specific counts covered by the convictions," and cannot be based on uncharged or acquitted conduct. *Id.* (quotation marks omitted).

In examining the "specific circumstances" of the prior conviction, the agency is not limited to *Shepard*-approved[1] sources and may rely more broadly on "sentencing-related material." *Nijhawan*, 557 U.S. at 41–42. In *Nijhawan*, the Supreme Court held that evidence of the "defendant's own stipulation" that the conviction involved losses exceeding $10,000 and a restitution order showing that same thing was "clear and convincing" in the absence of conflicting evidence. *Id.* at 42–43; *see also Garcia-Simisterra*, 984 F.3d at 981–82 (finding that the agency's loss amount was supported by the criminal information and the plea agreement).

Here, substantial evidence supports the agency's finding that Joseph was convicted of a fraud offense involving losses exceeding $10,000. Similar to *Nijhawan*, the agency here relied on evidence of Joseph's own stipulation as part of the plea agreement that the 34 tax refund checks he cashed as part of a conspiracy to defraud resulted in a loss to the government of $247,344, as well as a restitution order for that amount. *See id.* And Joseph does not point to "any conflicting evidence." *Id.*

Nor are we persuaded by Joseph's claim that the restitution order includes "losses from criminal activity other than the

---

[1] "*Shepard*-approved documents include the 'charging document, the terms of a plea agreement, or transcript of [plea] colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" *United States v. Dudley*, 5 F.4th 1249, 1257 (11th Cir. 2021) (quoting *Shepard v. United States*, 544 U.S. 13, 16, 26 (2005)).

6                    Opinion of the Court                21-11597

conviction offense," as was the case in *Obasohan v. U.S. Att'y Gen.*, 479 F.3d 785, 789–90 (11th Cir. 2007), *abrogated on other grounds by Nijhawan*, 557 U.S. at 41–42. In *Obasohan*, we held that the restitution order there was insufficient proof of loss for § 1101(a)(43)(M)(i) because "[t]he restitution was not based on the conspiracy charge to which [the defendant] pled guilty, nor on the overt acts to which [he] admitted by pleading guilty." 479 F.3d at 789. Rather, it "was based on additional conduct" in the PSR that was not "charged, proven or admitted." *Id.* at 789–91.

But the restitution in this case, in contrast to *Obasohan*, was clearly based on conduct admitted by Joseph as part of his guilty plea to the conspiracy offense. It was based on Joseph's stipulation that he cashed checks worth $247,344 for the conspiracy, causing a loss of that same amount to the government. That evidence clearly and convincingly established that the loss amount "tied to" the specific conspiracy conviction exceeded $10,000. *See Nijhawan*, 557 U.S. at 40–43.

Because "substantial evidence supported the BIA's conclusion, . . . we lack jurisdiction over [Joseph's] petition." *Garcia-Simisterra*, 984 F.3d at 982.

**PETITION DISMISSED.**